IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                                                Civil No. 19-4100

DEANDRA L. WHITAKER,

        Defendant.

## COMPLAINT

Plaintiff United States of America by Stephen R. McAllister, United States Attorney for the District of Kansas, and Kathryn E. Sheedy, Assistant United States Attorney, for its cause of action against Defendant Deandra L. Whitaker states the following.

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1345.

2.      Defendant Deandra L. Whitaker resides at 1810 Briarwood Drive, Salina, Kansas 67401, which is within the District of Kansas.

3.      Defendant Deandra L. Whitaker submitted an application and signed a contract to participate in the Nursing Scholarship Program under Section 846(d) of the Public Health Service Act (42 U.S.C. §297n(d), as amended by Public Law 107-205, and accepted a nursing scholarship award from the United States Department of Health and Human Services. A copy of the Nursing Scholarship Program Contract is attached as Exhibit A and incorporated by reference.

4.      On September 16, 2008, Defendant Deandra L. Whitaker was approved to receive a scholarship award for the following academic years: 2008-2009 and 2009-2010.

5.      Defendant Deandra L. Whitaker received scholarship award funds totaling $44,452.96 for the payment of tuition, fees, monthly stipends, and other reasonable educational

expenses. The scholarship award funds were disbursed in multiple payments between October 2008 and April 2010.

6. The scholarship award required Defendant Deandra L. Whitaker to serve one (1) year of obligated service for each year of scholarship support, or two (2) years, whichever is greater. Thus, Defendant Deandra L. Whitaker incurred a two year service obligation in a health care facility with a critical shortage of nurses as designated by the Department of Health and Human Services.

7. Defendant Deandra L. Whitaker worked at Salina Regional Medical Center from June 25, 2010 to January 16, 2012, which equates to 18 months of full-time clinical service. Thus, Defendant Deandra L. Whitaker terminated her service prior to completion of her two year service obligation.

8. Pursuant to Sections B and C of the Nursing Scholarship Program Contract, failure to provide two years of full-time clinical service is a breach of the contract, which makes the applicant liable to the United States to repay all funds paid to the applicant, or on the applicant's behalf, under the contract, and to pay interest on the amounts at the maximum legal prevailing rate from the date of the applicant's default.

9. The Department determined Defendant Deandra L. Whitaker was in default of the terms and conditions of the Nursing Scholarship Program Contract on October 22, 2012, and the principal balance of $44,452.96 began accruing interest at the contract rate of 10.38% per annum.

10. By letter dated March 14, 2013, the Department notified Defendant Deandra L. Whitaker of her default and her obligation to repay the debt in full within three years of the date of default, or by October 24, 2015, pursuant to the Section C of the Nursing Scholarship Program Contract.

11. Defendant Deandra L. Whitaker did not repay the debt within three years of the date of default as required by the contract.

12. The Department received $4,612.75 in payments from the Treasury Offset Program. These payments were applied to the debt on the respective dates of receipt. No other payments have been received.

13. By letter dated February 2, 2019, the Department made a final demand for payment.

14. All right, title and interest in the Nursing Scholarship Program Contract described in Paragraph 5 belongs to Plaintiff United States, and therefore, Plaintiff is entitled to recovery on the Nursing Scholarship Program Contract.

15. Defendant Deandra L. Whitaker has failed to make the payments due and owing pursuant to the terms of the Nursing Scholarship Program Contract and is wholly in default.

16. There is due and owing Plaintiff United States of America, on behalf of the United States Department of Health and Human Services, the amount of $71,820.90 ($44,452.96 principal and $27,367.94 interest) as of September 27, 2019, with interest accruing at the daily rate of $12.64 to the date of judgment, as evidenced by the Certificate of Indebtedness attached as Exhibit B; plus interest after the date of judgment at the legal rate set forth in 28 U.S.C. § 1961 until paid; plus filing fees of $400.00 pursuant to 28 U.S.C. § 2412(a)(2); plus current and future costs of this action.

WHEREFORE, Plaintiff United States demands judgment against Defendant Deandra L. Whitaker in the amount of $71,820.90 ($44,452.96 principal and $27,367.94 interest) as of September 27, 2019, with interest accruing at the daily rate of $12.64 to the date of judgment; plus interest after the date of judgment at the legal rate set forth in 28 U.S.C. § 1961 until paid; plus filing fees pursuant to 28U.S.C. § 2412(a)(2); plus current and future costs of this action.

REQUEST FOR PLACE OF TRIAL

Plaintiff United States of America requests that trial of this matter be held in the City of Topeka, Kansas.

Submitted by:

STEPHEN R. MCALLISTER
United States Attorney
District of Kansas

*s/ Kathryn E. Sheedy*
KATHRYN E. SHEEDY
Assistant United States Attorney
Ks. S.Ct. No. 22867
290 Federal Bldg.
444 SE Quincy Street
Topeka, Kansas 66683-3592
PH: 785-295-2850
FX: 785-295-2853
Email: kathryn.sheedy@usdoj.gov
Attorneys for the United States of America

HRSA-124 (Revision 5-08) (FRONT)

| NURSING SCHOLARSHIP PROGRAM CONTRACT FOR FULL-TIME STUDENT ACADEMIC YEAR 2008-2009 | U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES HEALTH RESOURCES AND SERVICES ADMINISTRATION BUREAU OF CLINICIAN RECRUITMENT AND SERVICE |
|---|---|

Section 846(d) of the Public Health Service Act ("Act"), as amended by Public Law 107-205 on August 1, 2002, authorizes the Secretary of Health and Human Services ("Secretary") to provide applicants selected to be participants in the Nursing Scholarship Program ("Scholarship Program") with scholarship awards. In return for the awards, applicants must agree to serve for a period of not less than 2 years as nurses in a health care facility with a critical shortage of nurses.

Pursuant to section 846(d)(4) of the Act, applicants are required to submit with their application a signed contract stating the terms and conditions of participation in the Scholarship Program. The Secretary shall sign only those contracts submitted by applicants who are selected for participation.

The terms and conditions of participating in the Scholarship Program for the 2008-2009 academic year are set forth below.

**Section A - Obligations of the Secretary**
Subject to the availability of funds appropriated by the Congress of the United States for the Nursing Scholarship Program, the Secretary agrees to:
1. Provide the undersigned applicant ("applicant") with a scholarship award for the academic year 2008-2009 during which the applicant:
    a. is enrolled, or is accepted for enrollment, as a full-time student in an accredited (as determined by the Secretary) school of nursing in one of the several States, the District of Columbia, the Commonwealth of Puerto Rico, the Commonwealth of the Northern Marianas, the U.S. Virgin Islands, the Territory of Guam, the Territory of American Samoa, the Republic of Palau, the Republic of the Marshall Islands or the Federated States of Micronesia, and
    b. is pursuing a course of study in a collegiate, associate degree, or diploma school of nursing.
   The scholarship award may consist of payments, in whole or in part, for tuition, an amount for all other reasonable educational expenses incurred by the student, and a monthly stipend for the 12-month period beginning with the first month of each academic year in which the applicant is a participant in the Scholarship Program. The disbursement of these scholarship payments may be delayed by the Secretary pending receipt of verification, satisfactory to the Secretary, of the applicant's continued eligibility for scholarship support. Scholarship support will not extend beyond the applicant's completion of the required classes for graduation.
2. Annually determine the most needy health care facilities with a critical shortage of nurses.

**Section B - Obligations of the Applicant**
The applicant agrees to:
1. Accept the scholarship award provided by the Secretary under Section A.1. of this contract for the academic year 2008-2009.
2. Maintain enrollment as a full-time student until completion of the course of study for which the scholarship award is provided at the school identified in the award letter and on the Verification of Acceptance/Good Standing Report.
3. Notify the Scholarship Program promptly in writing as soon as one of the following events is anticipated: repeat course work; a delay in the applicant's graduation date (e.g., due to a leave of absence approved by the school); a change from full-time student status to a less than full-time student status; withdrawal from courses; and a withdrawal or dismissal from school.
4. Maintain an acceptable level of academic standing while enrolled in the course of study for which the scholarship award is provided.
5. Serve one year of full-time obligated service for each academic year a scholarship award is provided, with a minimum obligation of 2 years of full-time clinical service.
6. Serve his or her period of obligated service in a healthcare facility with a critical shortage of nurses identified by the Secretary pursuant to Section A.2. of this contract. The service obligation may be fulfilled on a full-time or part-time basis. Full-time service is defined as a minimum of 32 hours per week, for a minimum of 45 weeks per year. Part-time service is defined as a minimum of 16 hours per week up to a maximum of 31 hours per week, for a minimum of 45 weeks per year. Part-time service is subject to approval by the Secretary.
7. If approved by the Secretary to provide part-time service, extend the period of obligated service set forth in paragraph 5 of this Section so that the aggregate amount of service performed will equal the amount of service that would be performed through a period of full-time service.
8. Commence obligated service in accordance with paragraph 6 above, within 3 months of the date of the applicant's acceptance of an offer of employment from such health care facility or within 9 months of the applicant's date of graduation from nursing school, whichever occurs first.
9. Undertake service in accord with policies and procedures in effect at the time the service obligation is required to begin.
10. Permit the U.S. Department of Health and Human Services to collect any debt owed by the applicant, as a result of an overpayment of scholarship award payments, through the administrative offset of subsequent scholarship award payments to the applicant under this Contract, an Optional Contract or an Extension Contract, until the debt is paid in full. An overpayment of scholarship award payments occurs when scholarship award payments are made:
    a. for repeat course work,
    b. during any period when the applicant is on an approved leave of absence from the school,
    c. during any period when the applicant is enrolled as a less than full-time student, or
    d. due to administrative error.
11. Comply with Title 2, Code of Federal Regulations, Part 180, Subpart C (2006), as supplemented by Subpart C of Title 2, Code of Federal Regulations, Part 376 (2007).

**Section C - Breach of Scholarship Contract**
1. If the applicant:
    a. fails to maintain an acceptable level of academic standing in the nursing program,
    b. is dismissed from the nursing program for disciplinary reasons,
    c. voluntarily terminates the nursing program before the completion of such training; or
    d. fails to provide health services in accordance with Section B of this contract,
   then the applicant shall be liable to the United States to repay all funds paid to the applicant, or on the applicant's behalf, under this contract, and to pay interest on such amounts at the maximum legal prevailing rate from the date of the applicant's default.
2. The amount owed under paragraph 1 of this Section must be paid within 3 years of the date of the applicant's default."

**Section D - Cancellation, Suspension, and Waiver of Obligation**
1. Any service or payment obligation incurred by the applicant under this contract will be canceled upon the applicant's death.
2. The Secretary may waive or suspend the applicant's service or *pay*ment obligation incurred under this contract if:
    a. compliance by the applicant with the obligation is impossible or
    b. compliance would involve extreme hardship and enforcement of such obligation would be unconscionable.

(OVER)

Exhibit A

**Section E - Contract Extension**

1. The applicant may annually request extension of this contract, if the request is submitted in accordance with procedures established by the Secretary.

2. Subject to the availability of funds appropriated by the Congress of the United States for the Scholarship Program, the Secretary may approve a request for contract extension if:
   a. the request does not extend the total period of scholarship award beyond 4 academic years;
   b. the applicant is otherwise eligible for continued participation in the Scholarship Program.
   c. the applicant has demonstrated past compliance with the requirements, policies and procedures for participating in the Scholarship Program; and
   d. The applicant has complied with the procedures for requesting continued scholarship support.

**Section F - Contract Termination**

1. The Secretary may terminate this contract with the applicant if, not later than 30 days before the end of the academic year to which the contract pertains, the applicant:999
   a. submits a written request for such termination and
   b. repays all amounts paid to, or on behalf of, the applicant under the contract for that academic year.

The Secretary or his/her authorized representative must sign this contract before it becomes effective

| Applicant Name (Please Print) | Applicant Signature | Date |
|---|---|---|
| Deandra Whitaker | Deandra Whitaker | 5/8/08 |
| Secretary of Health and Human Services | [signature] | 9/16/08 |

**OPTIONAL CONTRACTS**

This Nursing Scholarship Program Contract for the 2008-2009 academic year ("2008-2009 Contract") is hereby amended by the Secretary of Health and Human Services and the applicant to provide the applicant with additional scholarship support for the 2009-2010 academic year, under the same terms and conditions set forth in the 2008-2009 Contract except to the extent that the terms set forth in the 2008-2009 Contract may be subsequently amended by statute or regulation. Disbursements for the 2009-2010 academic year will begin at the start of that academic year.

| 2009-2010 ACADEMIC YEAR | Applicant Signature | Secretary Signature |
|---|---|---|
| | Deandra Whitaker | [signature] |

This Nursing Scholarship Program Contract for the 2008-2009 academic year ("2008-2009 Contract") is hereby amended by the Secretary of Health and Human Services and the applicant to provide the applicant with additional scholarship support for the 2010-2011 academic year, under the same terms and conditions set forth in the 2008-2009 Contract except to the extent that the terms set forth in the 2008-2009 Contract may be subsequently amended by statute or regulation. Disbursements for the 2010-2011 academic year will begin at the start of that academic year.

| 2010-2011 ACADEMIC YEAR | Applicant Signature | Secretary Signature |
|---|---|---|
| | | |

This Nursing Scholarship Program Contract for the 2008-2009 academic year ("2008-2009 Contract") is hereby amended by the Secretary of Health and Human Services and the applicant to provide the applicant with additional scholarship support for the 2011-2012 academic year, under the same terms and conditions set forth in the 2008-2009 Contract except to the extent that the terms set forth in the 2008-2009 Contract may be subsequently amended by statute or regulation. Disbursements for the 2011-2012 academic year will begin at the start of that academic year.

| 2011-2012 ACADEMIC YEAR | Applicant Signature | Secretary Signature |
|---|---|---|
| | | |

HRSA-124 (BACK)
(Revision 5-08)



DEPARTMENT OF HEALTH & HUMAN SERVICES

Program Support Center

Debt Collection Center

## CERTIFICATE OF INDEBTEDNESS
*Nursing Scholarship Program (NSP)*

Deandra L. Whitaker
651 Highland Ave
Salina, KS 67401
REF: 46130022
SSN: XXX-XX-1264

Total debt due United States as of September 27, 2019: $71,820.90 (principal $44,452.96; interest $27,367.94).

I certify that the Department of Health and Human Services' (HHS) records show that the individual named above is indebted to the United States in the amount stated. Interest accrues on the principal amount of this debt at the fixed rate of 10.375% per annum. The interest accrues at $12.64 per day.

Ms. Deandra L. Whitaker submitted an application and signed a contract to participate in the Nursing Scholarship Program (NSP) Section 846(d) of the Public Health Service Act (42 U.S.C. § 297n(d)).

On September 16, 2008, she was approved to receive a scholarship award for the 2008-2009 school year. In addition, she received a continuing scholarship award for 2009-2010; school year. The funds received totaled $44,452.96 representing tuition, fees, monthly stipends, and other reasonable educational costs.

The award(s) were made upon the condition that she serve one (1) year of obligated service for each year of scholarship support, or two (2) years, whichever is greater. Thus, she incurred a two year service obligation. She did not fulfill her service obligation.

Ms. Whitaker began her NSP service obligation at Salina Regional Medical Center. She served at this facility from June 25, 2010 to January 16, 2012 fulltime. She then began working at a facility that was not supported by NSP and therefore received no service credit. By email on March 19, 2012, Ms. Whitaker was notified of her remaining service obligation and further contact from her was requested.

By email on March 28, 2012, Ms. Whitaker notified HHS that she would not be seeking further employment and she requested additional information on the debt she would incur if she did not fulfill the requirements of her NSP contract. By email dated May 30, 2012, she was provided the requested information and she was asked to respond by June 4, 2012 regarding her intent to serve out her remaining NSP obligation.

By letter dated August 21, 2012, Ms. Whitaker was notified that she is out of compliance with her Nursing Scholarship Program. She was required to secure employment at an approved facility within 60 days of receiving the letter. The letter was delivered August 23, 2012 requiring her to respond by October 21, 2012. By email dated November 21, 2012, HHS requested that Ms. Whitaker make contact by November 30, 2012 or she would be recommended for default. She did not respond.

Exhibit B

## PAGE 2 - CERTIFICATE OF INDEBTEDNESS – DEANDRA L. WHITAKER

Pursuant to 42 U.S.C. 297n(d)(1), participants agree to serve as nurses for a period of not less than 2 years at a health care facility with a critical shortage of nurses. According to 42 U.S.C. 297n(g), if a participant fails to provide the health services at an approved critical shortage facility, the participant is liable to the Federal Government for the amount of his or her award, and for interest on that amount at the maximum legal prevailing rate. The amount the Federal Government is entitled to recover is due no later than three (3) years from the date of the participant's default.

On March 14, 2013, she was notified by letter that she had been placed in default of the conditions of her contract effective October 24, 2012. She was informed of the annual interest rate applicable to her debt and advised that interest would accrue on the unpaid principal balance from the date of default until the debt is paid in full. She was advised the debt must be paid within three years from the date of default. Instructions were enclosed for requesting a repayment agreement (RA) if she was unable to remit the total amount due.

In a letter dated December 30, 2015, she was advised that her account had been referred to a private collection agency. She was notified that unless payment in full or an RA was concluded, the account would be referred to DOJ for enforced collection.

By letter dated January 08, 2016, she was advised that her account was delinquent. She was notified of HHS' intent to refer her debt to other Federal agencies for the purpose of administrative offset, which may include Federal tax refund offset, salary offset, wage garnishment, and other Federal or State Agencies payments. She was advised that paying the debt in full or entering into an RA would terminate administrative offset.

By letter dated February 05, 2019, Ms. Whitaker was sent a final notice regarding the delinquent debt. She was advised that if payment was not received within thirty days, the debt would be referred to the DOJ for litigation. She did not respond.

On August 29, 2019, it was discovered that the letter dated March 14, 2013, stated the incorrect default date. Ms. Whitaker received a letter on August 23, 2012, providing her 60 days to secure employment. In order to avoid default she had to secure employment by October 21, 2012. She did not comply and was in default as of October 22, 2012.

The following provides a breakdown of payments made on the debt:
Treasury Offset Payments            04/19/2017 – 06/20/2018            $4,612.75

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment agreement.
The debt is now being referred to the U.S. Department of Justice (DOJ), for enforced collection.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

9/27/2019
Date

Melodie R. Sanders
Chief, Debt Referral Section
Program Support Center
U.S. Department of Health and Human Services